| | |
|---|---|
| 1 | Todd M. Friedman (SBN 216752) |
| 2 | Adrian R. Bacon (SBN 280332) |
|   | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| 3 | 21550 Oxnard St., Suite 780 |
| 4 | Woodland Hills, CA 91367 |
|   | Phone: 323-306-4234 |
| 5 | Fax: 866-633-0228 |
| 6 | tfriedman@toddflaw.com |
|   | abacon@toddflaw.com |
| 7 | *Attorneys for Plaintiff* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY FABRICANT and KEITH HOBBS, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-01120 |
| | **CLASS ACTION** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| VELOCITY MARKETING LLC, and DOES 1 through 10, inclusive, and each of them, | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] |
| Defendant. | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs TERRY FABRICANT and KEITH HOBBS ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon

CLASS ACTION COMPLAINT

information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of VELOCITY MARKETING, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff TERRY FABRICANT, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware limited liability company with its principal place of business located in South Carolina. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of California and Plaintiffs reside within the County of Los Angeles.

## PARTIES

4. Plaintiff, TERRY FABRICANT ("Fabricant"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Plaintiff, KEITH HOBBS ("Hobbs"), is a natural person residing in Columbus, Georgia and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant, VELOCITY MARKETING LLC ("Defendant") is a business finance and marketing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

9. Beginning in or around March 2018, Defendant contacted Fabricant on his cellular telephone number ending in -1083, in an attempt to solicit him to purchase Defendant's services.

10. Beginning in or around April 2018, Defendant contacted Hobbs on his cellular telephone number ending in -7558, in an attempt to solicit him to purchase Defendant's services.

11. Defendant used an "automatic telephone dialing system" as defined

by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiffs seeking to solicit its services.

12. Defendant contacted or attempted to contact Plaintiffs from telephone numbers, including but not limited to, 352-255-7044, 212-193-8491, and 718-293-4450.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. During all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls or text messages using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

15. Further, Plaintiffs' cellular telephone numbers ending in -1083 and -7558 had been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial calls.

16. Defendant placed multiple calls or text messages soliciting its business to Plaintiffs on their cellular telephones ending in -1083 and -7558 in or around April 2018.

17. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

18. Plaintiffs received at least one solicitation call or text message from Defendant within a 12-month period.

19. Defendant called and texted Plaintiffs in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

20. Upon information and belief, and based on Plaintiffs' experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial calls, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

21. Plaintiffs bring this action individually and on behalf of all others similarly situated, as members of the two proposed classes (hereafter, jointly, "The Classes").

22. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

23. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

24. Plaintiffs represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to

Defendant within the four years prior to the filing of this Complaint.

25. Plaintiffs represent, and are members of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

26. Defendant, its employees and agents are excluded from The Classes. Plaintiffs do not know the number of members in The Classes, but believe the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Classes includes thousands of members. Plaintiffs allege that The Classes members may be ascertained by the records maintained by Defendant.

28. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and ATDS Class members via their cellular telephones thereby causing Plaintiffs and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and ATDS Class members.

29. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which

do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiffs and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

30.    As persons that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

31.    Plaintiffs and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiffs and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiffs and the DNC Class members were damaged thereby.

32.    Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do

not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

    b.    Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiffs' or the DNC Class members' telephones;

    c.    Whether Plaintiffs and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

    d.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

33. As persons that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiffs are asserting claims that are typical of the DNC Class.

34. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly

burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

36. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

38. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

40. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

41. Plaintiffs and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

42. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-41.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

44. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

45. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

46. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

48. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

49. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

50. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-49.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

52. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

53. Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiffs and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiffs and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully Submitted this 12th Day of February, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiffs